RECEIVED
July 19, 2023
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY:_____pg_____
                 DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| DANIEL GRAHAM,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>NORTH AMERICAN SENIOR BENEFITS, LLC,<br><br>　　　　　　　　Defendant. | Case No. 1:23-cv-00726-RP |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

This is the first amended complaint for the above referenced case, submitted by Daniel Graham, the pro se plaintiff.

**A. LEGAL BASIS OF CASE**

This action is brought pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227(g) ("TCPA"), the Texas Telemarketing Disclosure and Privacy Act, Tex. Bus. & Com. Code § 304.001 et seq. ("Texas No Call Act"), and the Texas Deceptive Trade Practices – Consumer Protection Act, Tex. Bus. & Com. Code 17.41 et seq. ("DTPA").

**B. FACTS OF THIS CASE**

Below are the facts of this case.

1. The phone numbers 214-236-7996, 214-458-8358, & 214-436-1104 ("Plaintiff's Phone Numbers") have been registered on the Federal Do Not Call registry and the Texas Do Not Call Registry prior to January 1st, 2022.
2. Plaintiff's Phone Numbers are used as personal cell phone for the plaintiff and his family.
3. The Plaintiff has no established business relationship with the Defendant.
4. The Plaintiff has not provided the Defendant consent to be contacted.

5. The Defendant, either directly or through an affiliate, caused no less than nine (9) calls to be placed to Plaintiff's Phone Numbers for the purposes of soliciting Medicare related services.
6. These calls used a voice recording without consent from the Plaintiff.
7. These calls spoofed the callerid information to transmit false information and deceive the plaintiff about who was calling.
8. These calls falsely identified who was calling for the purposes of causing confusion about who was calling.
9. The Defendant either knew or should have known that these calls were taking place, and continued to make these calls.
10. These calls continued even after the Plaintiff told the caller to stop calling.

## C. STANDING

The harm caused by the Defendant's disregard for privacy rights established by the TCPA are actual and affirmed by multiple court cases (Salcedo v. Hanna, No. 17-14077 (11th Cir. Aug. 28, 2019); (Susinno v. Work Out World Inc, No. 16-3277 (3d Cir. 2017)). These harms include:

1. An invasion of privacy;
2. Intrusion upon seclusion;
3. Incremental drain on cell phone battery life;
4. Annoyance and harassment;
5. A distraction during work to the point of nuisance

## D. CONCLUSION AND PRAYER

Based on the above facts, the Plaintiff respectfully requests the Court for judgement as follows:

- All actual damages Plaintiff suffered (as provided under 47 U.S.C. §227(b)(3)(A)) and §302.302 of the Texas Business and Commerce Code;
- Additional statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

- Additional treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);
- Injunctive relief (as provided under 47 U.S.C. § 227(b)(3) and (c);
- Statutory damages of $5,000 per violation (as provided under §302.302(a) of the Texas Business & Commerce Code);
- All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to §302.302(a) of the Texas Business & Commerce Code;
- Treble damages as allowed by §17 of the Texas Business and Commercial Code (Deceptive Trade Practices)
- Any other relief this Honorable Court deems appropriate.

Respectfully submitted,

*/s/   Daniel Graham, Pro Se Plaintiff*

CERTIFICATE OF SERVICE

By my signature below, I certify that on the 19th day of July, 2023, I sent the foregoing document to Defendant's counsel of record.

<u>/s/    *Daniel Graham, Pro Se Plaintiff*</u>